UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cr-00006-JPH-CMM |
| | ) |
| MARCUS VAUGHN | ) |
| a/k/a MARCUS ALLEN VAUGHN, | ) -01 |
| | ) |
| Defendant. | ) |

**ORDER IN LIMINE**

The government has filed a motion in limine, seeking a ruling that Mr. Vaughn's prior convictions will be admissible for impeachment under Federal Rule of Evidence 609 if he testifies at trial. Dkt. 40. Mr. Vaughn has not responded.

If Mr. Vaughn testifies, evidence of his prior convictions "must be admitted" for impeachment "if the probative value of the evidence outweighs its prejudicial effect." Fed. R. Evid. 609(a)(1)(B). "Some of the factors" that should be considered in weighing the probative value and prejudicial effect are: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *Rodriguez v. United States*, 286 F.3d 972, 983 (7th Cir. 2002).

Here, for the first factor, Mr. Vaughn's prior convictions have impeachment value. *See United States v. Rein*, 848 F.2d 777, 783 (7th Cir.

1988) ("[T]he fact that the defendant has been convicted of a prior offense may legitimately imply that he is more likely to give false testimony than other witnesses."). Second, all of the convictions raised in the motion are recent enough that they do not fall under Rule 609(b)'s additional limits on using evidence "if more than 10 years have based since the witness's conviction or release from confinement." Third, there may be some similarity between the current charges and prior convictions, but that is not dispositive when credibility is a key issue. *See Rodriguez*, 286 F.3d at 984. Fourth, the government has explained that if Mr. Vaughn testifies, that testimony will be central to his defense. *See* dkt. 40 at 4; *Rein*, 848 F.2d at 782–83. And fifth, credibility is central when the defendant's testimony is likely to contradict important eyewitness testimony, as would likely be the case here. *See Rein*, 848 F.2d at 782–83.

Moreover, as addressed at the final pretrial conference, the Court will instruct the jury on the appropriate use of Mr. Vaughn's prior convictions, including that they may not be used as propensity evidence. *See United States v. Nururdin*, 8 F.3d 1187, 1192 (7th Cir. 1993) ("[T]he record demonstrates that any prejudicial effect that the instruction of the prior felony convictions could have had was overcome by the court's limiting jury instruction, which directed that this evidence could not be used to demonstrate a propensity to commit crime.").

For these reasons and the reasons in the government's motion in limine, that motion is **GRANTED**. Dkt. [40]. As with all orders in limine, this order is

preliminary and "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984).

**SO ORDERED.**

Date: 4/21/2021

                                          James Patrick Hanlon
                                          United States District Judge
                                          Southern District of Indiana

Distribution:

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
pamela.domash@usdoj.gov

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov